STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
| --- | --- | --- |
| In re: Three Church Street Act 250 Land Use Permit | } | Docket No. 174-7-06 Vtec |
| (Appeal of Hummel) | } |  |

### Decision and Order on Motion to Dismiss and Motion for Stay

Appellants Kermit and Barbara Hummel appealed from decisions of the District #3 Environmental Commission issued on May 10, 2006 and June 27, 2006, granting Land Use Permit (Act 250 Permit) #3W0956 to The Lauren Group, LLC, and denying Appellants' motion to alter that decision. In the present appeal Appellants represent themselves; Appellee-Applicants The Lauren Group, LLC and its manager Jack Maiden are represented by Thomas Hayes, Esq.; the Vermont Agency of Natural Resources is represented by Catherine Gjessing, Esq.; and the Village of Woodstock is represented by Todd C. Steadman, Esq. A related municipal case, Docket No. 22-2-06 Vtec, is also pending before the Court.

Motion to Dismiss

Appellee-Applicants have moved to dismiss the appeal based solely on Appellants' failure to accomplish the publication of a copy of the notice of the appeal in an area newspaper of general circulation, as required by V.R.E.C.P. 5(b)(4)(B) and 10 V.S.A. §8504(c)(1), within ten days of providing actual notice of the appeal to the required recipients.

The District Commission's initial decision was issued on May 10, 2006 and its decision on the motion to alter was issued on June 27, 2006. The parties do not dispute that Appellants filed a timely notice of appeal with the Court on July 24, 2006, and that Appellants provided timely actual notice of the appeal to Appellee-Applicants on the same day.

The parties also do not dispute that on July 31, 2006 Appellants submitted the notice of appeal to and paid for its publication in the August 3, 2006 edition of The Vermont Standard, a weekly newspaper of general circulation in Woodstock.

1

The notice was intended to be published in the August 3, 2006 edition of the newspaper, the eighth business day[1] after Appellants had provided the individual required notice, which would have met the ten-day deadline imposed by V.R.E.C.P. 5(b)(4)(B) and 10 V.S.A. §8504(c)(1). However, the notice did not appear in the August 3, 2006 edition. Appellee-Applicants do not contest that the failure of the newspaper to publish the notice in that edition was not due to any fault of Appellants, as stated in a letter from the business manager of The Vermont Standard, submitted as an attachment to Appellants' September 6, 2006 memorandum. The letter states that failure to run the notice was due to "a misunderstanding" in the newspaper's "production department" and "was clearly the mistake of The Vermont Standard."

Appellants telephoned the Court on Thursday, August 3, 2006 to inform the Court staff of the newspaper's error. Court staff explained to Appellants that, if the newspaper were to run the notice of appeal in the following week's edition (August 10, 2006), Appellants could file with the Court a letter explaining the delay, to accompany their required filing of the proof of publication.

Appellee-Applicants argue that Appellants could have sought publication in the daily newspapers published in White River Junction or in Rutland, upon learning that The Vermont Standard had failed to include their notice in the August 3, 2006 edition, in time to have it published by the following Monday, August 7, 2006 (the tenth business day after Appellants had provided the individual required notice). However, there is no indication that such publication would have served the purposes of the publication statute any better than did the August 10, 2006 publication of the notice in The Vermont Standard published in Woodstock itself. V.R.E.C.P. 5(b)(4)(B) and 10 V.S.A. §8504(c)(1).

In any event, we need not reach that issue because the only step in the filing of an appeal with this Court that is jurisdictional is the timely filing of the notice of appeal. As provided in V.R.E.C.P. 5(b)(1), the "[f]ailure of an appellant to take any step other than the timely filing of the notice of appeal does not affect the validity of the appeal but is ground only for such action as the court deems appropriate, which may include dismissal of the

---

[1] Calculated according to V.R.C.P. 6, exclusive of weekends and holidays.

2

appeal."

Because timely publication of a copy of the notice of appeal in the newspaper is not jurisdictional, we must determine what action would be appropriate regarding this three-day exceedance of the ten-day deadline for publication, without fault on the part of Appellants.

The purpose of publication of a copy of the notice of appeal is to give notice to persons (in the area potentially affected by the proposed project) who are not already parties to the proceedings before the District Commission (as those who have party status or receive informational notice at the District Commission level are required to receive individual actual notice of the filing of the appeal). If the three-day delay in publication actually were to result in delayed notice to a person wishing to participate in the appeal, the Court would consider allowing such a person to intervene out of time, due to the delayed notice. A three-day delay in the publication notice under the circumstances of this case does not warrant dismissal of the appeal.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee-Applicants' Motion to Dismiss is hereby DENIED.

Motion to Stay

Appellants appear to be arguing that the effectiveness of the Act 250 permit should be stayed because Appellee-Applicants may be in violation of conditions imposed in the municipal permit applicable to this project, which is on appeal in Docket No. 22-2-06 Vtec. Pursuant to V.R.E.C.P. 5(e) the Court is given the authority to stay the Act 250 permit that is the subject of this appeal "and make such other orders as are necessary to preserve the rights of the parties upon such terms and conditions as are just."

Appellants have failed to show that a stay of the Act 250 permit is necessary to preserve the rights of the parties pending this appeal, or that they are suffering any specific detriment[2] due to the Act 250 permit while this appeal is pending, especially during winter

---

[2] While Appellants experience the visibility of the vent system, the Act 250 permit also required the construction of a screening curtain wall. Appellants specifically do not request that the wall be built at this time; rather, they request that the vent system not be in operation. However, they have not shown that the detriment to them from the visibility of the vent system is affected by whether or not it is in operation.

3

conditions. Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants' Motion to Stay is DENIED.

From the nature of the parties' arguments regarding the motion to stay, it appears to the Court from the parties' filings that this de novo appeal and the related municipal appeal should proceed to trial as expeditiously as possible to resolve all the issues between the parties remaining after the motion decisions issued today in each case.

Please be prepared to discuss the scheduling of the trial for both cases in a telephone conference scheduled in this matter for January 22, 2006 (see enclosed notice). Based on the parties' representations in the telephone conferences held in both cases previously, the Court also expects to order mediation to occur during the time period between that conference and the scheduled trial date, without any delay in the trial schedule.

Done at Berlin, Vermont, this 3rd day of January, 2007.

_____
Merideth Wright
Environmental Judge